UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEPHEN COSTELLO,                                                                                       Plaintiff,

v.                                                                           Civil Action No. 3:19-cv-P914-DJH

KATHLEEN KENNEY, COMMISSIONER, *et al.*,                                              Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at Kentucky State Reformatory (KSR). He brings this action against Kentucky Department of Corrections (KDOC) Commissioner Kathleen Kenney; KSR Warden Anna L. Valentine; KSR Unit Administrator Kim Thompson; and KSR "Commissions Officer" Adam Aranda. Plaintiff sues these Defendants in both their official and individual capacities. Plaintiff also lists Hillary Rucker as a Defendant in the caption of the complaint but does not identify who she works for or in what capacity she is being sued. For purposes of this initial review, the Court will assume that she is also a state official whom Plaintiff intended to sue in both her official and individual capacities.

Plaintiff makes the following allegations in the complaint:

> On the date of 02/26/2019 at 2:37 p.m. I was attacked by another inmate because he was paid to do so by the officer who allowed him to get free from restraints (Officer Adam Aranda). I filed a grievance given the KYDOC a chance to fix the situation. But at every level of that grievance I was told, even though the staff knew about the conflict I had with the officer and other inmate, this attacked on me was still allowed to happen. And since the incident I'm in a state of mind to where I

can trust no one, even the people who I'm suppose to trust to keep me safe.  I wake up some times in heavy sweats.  I don't know if other officers have paid other inmates to jump on me, and I feel like my 8th Amendment right not to be attacked was violated because the staff did not do all they could to insure I was not attacked by another inmate. . . .

As relief, Plaintiff seeks damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

As indicated above, Plaintiff sues Defendants in their official capacities. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). State officials sued in their official capacities for damages are absolutely immune from § 1983 liability under the Eleventh Amendment.[1] *See Kentucky v. Graham*, 473 U.S. at 169 ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity."). In addition, when a state official is sued in his official capacity for monetary damages, he is not a "person" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's official-capacity claims against Defendants will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary damages from Defendants who are immune from such relief.

### B. Individual-Capacity Claims

#### 1. Defendant Aranda

<u>Upon consideration, the Court will allow an Eighth Amendment failure-to-protect claim to proceed against Defendant Aranda in his individual capacity.</u> In allowing this claim to proceed, the Court passed no judgment upon its merit or upon the ultimate outcome of this action.

#### 2. Remaining Defendants

Plaintiff's individual-capacity claims against the remaining Defendants must be dismissed for several reasons. First, Plaintiff makes no allegations against these Defendants. It

---

[1] The Eleventh Amendment provides that "[T]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

4

is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation . . . ." *Cox v. Barksdale*, 810 F.2d 200, 1986 U.S. App. LEXIS 33615, *2 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982)). The specific facts of the complaint must explain how the defendants are personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation); *LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 U.S. Dist. LEXIS 53016, at *5 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own personal acts or omissions directly caused a violation of the plaintiff's constitutional rights.")

Moreover, to the extent that Plaintiff is attempting to hold these Defendants liable under a theory of respondeat superior, his claims against them would still fail. The doctrine of respondeat superior, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v.*

*Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Finally, the Court observes that Plaintiff cannot hold any Defendant liable under § 1983 for denying a grievance or grievance appeal. "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *see also Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances . . .' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee v. Luttrell*, 199 F.3d at 300); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same).

## IV. CONCLUSION

For the foregoing reason, **IT IS HEREBY ORDERED** that Plaintiff's claims against **Defendants Kenney, Valentine, Thompson, and Rucker** are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

The **Clerk of Court** is **DIRECTED** to **terminate these Defendants as parties to this action**.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claim against Defendant Aranda is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon

which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

The Court will enter a Service and Scheduling Order to govern the development of the Eighth Amendment failure-to-protect claim it has allowed to proceed against Defendant Aranda in his individual capacity.

Date:

cc: Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4415.011